OPINION. Keen. Judge-. The first issue, as we have already indicated, is whether petitioner is entitled to deduct from its gross income for the year ended June 30, 1935. amounts paid in 1937 to the vendees by way of reimbursement to them of processing taxes which were included in the,prices charged to its vendees but which were not paid by it. The parties have stipulated that the decision of the Supreme Court in Security Flour Mills Co. v. Commissioner, 321 U. S. 281, is dis-positive of this issue. Therefore, on the authority of that decision we decide this issue in favor of respondent. The second issue is whether petitioner is entitled to deduct from its gross income for the year ended June 30, 1935, the amount of certain processing taxes which were paid by it in that year, but which, as respondent contends, were, in effect, refunded to it in 1940 by reason of their being credited in that year against unjust enrichment taxes agreed to be owing by petitioner. Petitioner contends that the settlement made in 1940 under section 506 of the Revenue Act of 1936 was indivisible and that the respondent can not go behind the settlement to restore any item to income for 1935 which was taken into consideration in reaching the settlement, citing Commissioner v. Security Flour Mills Co., 135 Fed. (2d) 165; affirmed on other issues by the Supreme Court in Security Flour Mills Co. v. Commissioner, supra. Respondent, on the other hand, contends that the 1940 agreement under section 506 was divisible and that it can be clearly demonstrated that, m effect, a refund had then and thereby been given to petitioner of $32,609.35 out of processing taxes of $525,745.58 paid and deducted in 1935. Respondent urges that under the facts shown the deduction taken by petitioner m 1935 in the amount of $525,745.58 should be reduced by the amount of $32,609.35, since, although the petitioner paid processing taxes in the greater amount, some part of this was, in effect, refunded in 1940 to petitioner, and, therefore, the amount of the deduction properly taken in 1935 should be adjusted by the amount of the refund granted in the later years, citing E. B. Elliott Co., 45 B. T. Á. 82. Even though we should agree with respondent’s contention with regard to the divisible nature of the settlement made by the parties in 1940 under section 506, we are not able to come to the conclusion urged by him and toward which the Elliott case points, for we consider that the application of the principle of the Elliott case to the situation here presented is precluded by the recent pronouncement of the Supreme Court in Security Flour Mills Co. v. Commissioner, supra. The third issue is whether petitioner is entitled to deduct from its gross income for the taxable year the amount of processing taxes accrued by it but which were not paid, which were contended by it to be not payable and which were held by the Supreme Court to have been imposed by an unconstitutional statute. Under the authority of Security Flour Mills Co. v. Commissioner, supra, and Dixie Pine Products Co. v. Commissioner, 320 U. S. 516, we decide this issue in favor of respondent. Reviewed by the Court. Decision will be entered under Rule 50.